UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA HERNANDEZ,

    Plaintiff,

Case Number:

v.

LAVISH NAILS AND SPA 2 BY VPT, LLC,

    Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, by and through her undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of his complaint, Plaintiff states as follows:

### Parties

1. Plaintiff is a resident of Polk County, Florida.

2. Defendant operates as a nail salon in Polk County, Florida.

3. Plaintiff was employed by Defendant as a nail technician from approximately January 2024 until May 2024.

## Jurisdiction

4. Plaintiff resides in Polk County, Florida.

5. Defendant conducts business in Polk County, Florida.

6. Defendant employed Plaintiff in Polk County, Florida.

7. All events giving rise to this action occurred in Polk County, Florida.

## Facts

8. Defendant employed Plaintiff as nail technician.

9. Plaintiff was non-exempt employee paid on an hourly basis.

10. Plaintiff was employed by Defendant during the three years prior to the filing of this lawsuit.

11. Defendant is a nail salon and provides related services in Polk County, Florida.

12. During Plaintiff's employment with Defendant, Plaintiff received paychecks from Defendant.

13. At all times during Plaintiff' employment, Plaintiff was classified as a non-exempt, hourly employee.

14. Defendant controlled Plaintiff' schedules and ordered Plaintiff to work in Defendant's salon 40 or more hours per week.

15. Defendant forced Plaintiff to be physically present in the salon even when Plaintiff did not have clients and did not otherwise need to be in the salon.

16. Defendant did not allow Plaintiff to work her own schedule and instead created schedules for Plaintiff and ordered Plaintiff to follow the schedule Defendant created.

17. Defendant did not allow Plaintiff to take time off from working in the salon unless Plaintiff made a request to Defendant's owner and the request was then approved.

18. Defendant created schedules and gave the schedules to Plaintiff.

19. Defendant required Plaintiff to arrive at Defendant's salon at 9:00 AM and did not allow Plaintiff to leave until 7:00 PM.

20. Defendant required Plaintiff work six days per week.

21. Plaintiff routinely worked more than 40 hours per week for Defendant at Defendant's specific request and behest.

22. Defendant did not pay Plaintiff overtime wages when Plaintiff worked more than 40 hours in a single workweek.

23. Defendant did not maintain accurate timekeeping records evidencing the hours she worked during her employment with Defendant.

24. Plaintiff regularly worked more than 40 hours per week.

25. Plaintiff was not subject to any overtime exemptions.

26. Defendant engaged in an illegal policy of requiring Plaintiff to work more than 40 hours during many workweeks of her employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

27. Defendant failed to pay Plaintiff at one-and-one-half-times her regular rate for all hours worked beyond 40 in a single workweek.

28. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

29. Specifically, Defendant suffered and permitted Plaintiff to more than 40 hours during single workweeks but paid Plaintiff her regular hourly rate instead of the higher, overtime rate.

30. The overtime work performed by Plaintiff was worked in Defendant's facility in full view of Defendant's employees and managers and was done at Defendant's instruction.

31. Defendant was required to compensate Plaintiff at a rate of at least one-and-one-half times her regular rate for all hours worked beyond 40 in a single workweek.

32. As of this date, Plaintiff still have not been paid premium wages for all hours worked beyond 40 in a single workweek.

33. Plaintiff seek full compensation, including unpaid premium wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least one-and-one-half times her regular rate was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

34. Defendant is a for-profit corporation that operates and conducts business in, among others, Polk County Florida, and is therefore, within the jurisdiction of the Court.

35. Defendant, at all relevant times to this complaint, was Plaintiff employer as defined by 29 U.S.C. § 203(d). Plaintiff regularly processed credit card transactions which required communication with out-of-state banks. Additionally, Plaintiff regularly used products, goods, and materials that originated out of state and were delivered to Florida to be sold to Defendant's customers.

36. This action is brought under the FLSA to recover from Defendant, unpaid overtime wages in the form of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

37. The Court has jurisdiction over Plaintiff' claims as material events transpired in Polk County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

38. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the nail salon and spa industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods, materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

39. At all material times relevant to this action, Plaintiff in her capacity as a nail technician, was individually covered by the FLSA as the regularly handled goods and materials that traveled to Florida from other states.

40. Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiffs did not implement legal compliance measures.

41. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during her employment.

42. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records, timesheets, and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of his employment.

43. However, Plaintiff alleges that she routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

44. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff' true hours of work.

## COUNT I – RECOVERY OF OVERTIME WAGES

45. Plaintiff reincorporate and readopts all allegations contained within Paragraphs 1-44, above.

46. Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

47. Plaintiff was an hourly, non-exempt employee,

48. Plaintiff was entitled to receive one-and-one-half times her regular rate for all hours worked beyond 40 in a single work week.

49. Plaintiff regularly worked beyond 40 hours in a single workweek.

50. Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

51. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

52. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

53. Plaintiff demand a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 24th day of May, 2024.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com

8